UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

VINODH RAGHUBIR,

    Petitioner,

v.                                                    Case No. 4:20-cv-203-WS-MJF

UNITED STATES OF AMERICA, *et al.*,

    Respondents.
_____/

## REPORT AND RECOMMENDATION

Petitioner Vinodh Raghubir, DC# X92396, is an inmate of the Florida Department of Corrections currently confined at Taylor Correctional Institution in Perry, Florida. (Doc. 1). Raghubir seeks a writ of error *coram nobis* vacating his state court convictions in Orange County Circuit Court Case Numbers 2016-CF-1833 and 2016-CF-5231. (Doc. 1 at 2, ¶ 1 (identifying state court convictions at issue); *Id*. at 18 (demanding "immediate release from all custodies, restraints, detentions, collateral consequences" of those convictions)). The undersigned concludes that the petition should be dismissed for lack of jurisdiction.[1]

**I.**     **Discussion**

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

"A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody. . . ." *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002) (per curiam). Because Raghubir is still in state custody, he is ineligible for *coram nobis* relief.

Even if Raghubir were no longer in custody, he cannot use a federal *coram nobis* petition to challenge his state convictions. *Coram nobis* "is not available in federal court as a means of attack on a state criminal judgment." *Theriault v. Mississippi*, 390 F.2d 657, 657 (5th Cir. 1968); *Cavett v. Ellis*, 578 F.2d 567, 569 n.4 (5th Cir. 1978) (noting that the writ of coram nobis is "unavailable to review state court decisions");[2] *see also, e.g., Llovera-Linares v. Florida*, 559 F. App'x 949 (11th Cir. 2014) (dismissing former state prisoner's *coram nobis* petition challenging his state court convictions).

The undersigned declines to construe Raghubir's *coram nobis* petition as a *habeas corpus* petition under 28 U.S.C. § 2254, because Raghubir adamantly opposes this court construing his pleading as anything other than what he labeled it. (Doc. 1 at 2). In addition, Raghubir acknowledges that he is pursing *habeas corpus* relief in the United States District Court for the Middle District of Florida, in Case Numbers 6:18cv1016-Orl-37DCI and 6:18cv1017-Orl-18-LRH. (Doc. 1 at 2).

---

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

## II.   Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. The petition for writ of error *coram nobis* (Doc. 1), be **DISMISSED** for lack of jurisdiction.

2. The clerk of court close this case file.

At Panama City, Florida, this 29th day of April, 2020.

                            /s/ *Michael J. Frank*
                            **Michael J. Frank**
                            **United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**